UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DIALLO RAFIK MADISON,

                               Plaintiff,                      9:03-CV-0749
                                                                                   (FJS)(GJD)

    v.

SGT. M. HOEY; SUPT. HANS WALKER; DSS E. DANN;
C.O. E. FRANK; CAPT. GUMMERSON,

                               Defendants.

APPEARANCES:                                               OF COUNSEL:

DIALLO RAFIK MADISON
Plaintiff, *pro se*

OFFICE OF THE ATTORNEY GENERAL        PATRICK F. MacRAE, ESQ.
State of New York                                     Assistant Attorney General
Counsel for the Defendants

GUSTAVE J. DI BIANCO, MAGISTRATE JUDGE

## DECISION and ORDER

     Presently before the Court is a motion by plaintiff Diallo Rafik Madison to compel discovery. Dkt. No. 49. Defendants' counsel has filed papers in opposition. Dkt. No. 54.

     At issue in this civil rights action are plaintiff's claims that his Eighth Amendment rights were violated by the defendants when they failed to take precautionary measures after a gang-related assault occurred earlier in the day to avoid a subsequent incident at Auburn Correctional Facility in which plaintiff was injured; and because they failed to assign corrections officers to a guardpost from which they

could have observed the assault on plaintiff.[1]

Plaintiff served a set of interrogatories and requests for the production of documents on the defendants in March, 2005.[2] Defendants responded to the plaintiff's discovery requests in April, 2005. Plaintiff claims that the objections interposed by defendants to six of the eight requests for production of documents are insufficient, and seeks an order of this Court directing the production of the requested documents.

Under Rule 26 of the Federal Rules of Civil Procedure, parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26 (b)(1). While not unlimited, "relevance for the purposes of discovery is 'an extremely broad concept.'" *Melendez v. Greiner*, 2003 WL 22434101 *1 (S.D.N.Y. 2003) (citations omitted). A party objecting to the disclosure of certain evidence bears the burden of establishing "precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure." *Obiajulu v. City of Rochester, Dept. of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) (Feldman, M.J.). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to

---

[1] The assault occurred October 30, 1999. By Memorandum-Decision and Order filed February 4, 2005, Chief District Judge Frederick J. Scullin, Jr. denied defendants' motion for summary judgment based upon the doctrine of equitable tolling. Dkt. No. 36.

[2] Plaintiff's discovery requests and defendants' responses thereto are attached as Exhibits A and B, respectively, to the affirmation of defendants' counsel in opposition to the motion to compel. Dkt. No. 54.

2

exclude discovery of requested information." *Melendez, supra*, at *1.

The six documents requests in issue are discussed separately below.

*Request 2*: Plaintiff sought the production of all documents related to the incident in which he was involved, as well as with respect to any other unusual incidents that occurred in the yard at Auburn Correctional Facility on that same day, October 30, 1999.

Defendants objected to this request insofar as plaintiff sought discovery with respect to any incident other than the one in which he was involved. Dkt. No. 54, ex. B p. 4. Defendants argued that the requested information is not "relevant to any issue set forth in the Complaint." *Id*. In opposition to plaintiff's motion to compel, defendants argue that "there is no suggestion of a nexus between the two incidents." *Id.* at ¶ 17.

In his amended complaint, plaintiff clearly asserts his claim that the incidents which occurred in the yard at Auburn Correctional Facility on October 30, 1999 were both gang-related. Dkt. No. 6 at ¶¶ 1, 6. Indeed, the earlier incident provides the foundation for plaintiff's claim that defendants failed to take sufficient precautionary measures following the first incident to protect plaintiff against the assault he suffered in the second incident.

Defendants have failed to establish that the requested discovery regarding the earlier is not relevant to plaintiff's claims. Plaintiff's motion to compel is **GRANTED**

3

in this respect.

***Request 3:*** Plaintiff sought the production of records maintained by the Department of Correctional Services ("DOCS") related to any instances in which the defendants were (a) charged with having made false or misleading statements in a disciplinary proceeding or investigation or (b) in an inmate against inmate assault case, were charged with having failed to properly supervise an inmate or observe an assigned area...." Dkt. No. 54, ex. B at 4-5. Plaintiff states that he seeks this information in order to assess the credibility of the defendants and to determine whether there is an ongoing practice of failure to supervise inmates. *Id*.

Defendants objected to this request on relevance grounds and because the requested documents, if they exist, relate only to "unproved, and therefore unreliable, conjecture." Dkt. No. 54 ex. B at 5. In opposition to plaintiff's motion, defendants also maintain that plaintiff has failed to pursue his request for the first category of documents and that the only documents now in issue are those related to charges of failure to supervise. Dkt. No. 54 at ¶¶ 21-23. As to those documents, defendants contend that they are not relevant and are not likely to lead to the discovery of admissible evidence. *Id*. at ¶¶ 25-27.

The Court agrees that plaintiff has abandoned his request for documents related to charges against the defendants of making false or misleading statements regarding the matters in issue in this litigation and plaintiff's motion is therefore **DENIED**

insofar as he seeks production of employee disciplinary records involving any such charges.

However, documents relating to cases involving an inmate against inmate assault, in which one or more of the defendants was charged with having failed to properly supervise an inmate or to observe an assigned area, appear to be relevant to plaintiff's claims in this action. Plaintiff's request is not limited to instances in which the charges were "unproven," and appropriate safeguards exist to protect against the improper use of such documents at trial. Moreover, the Court notes that defendants have not made any showing that specific harms are likely to accrue from the disclosure of the requested information to the plaintiff.

Notwithstanding the foregoing, however, plaintiff's discovery request is not limited to a reasonable period of time and is, therefore, overly broad. The Court finds that a period of three years preceding the incident to be a reasonable period of time and therefore **GRANTS** plaintiff's motion to compel the production of documents relating to any claim that any of the defendants failed to properly supervise an inmate or observe an assigned area, which arose out of or related to an inmate against inmate assault case, and which arose during the three year period immediately preceding the October, 1999 incident at Auburn.

*Request 4:* By this request, plaintiff sought production of what he refers to as the "Employee Rulebook Manual." Dkt. No 54, ex. B at 4. Defendants objected to

this request as irrelevant and "not likely to lead to any discoverable information." *Id.*

Plaintiff argues that the Rulebook is relevant because he claims that the defendants failed to adhere to governing rules and regulations regarding the supervision and safeguarding of inmates. In opposition to the motion to compel, defendants maintain that plaintiff's claims of deliberate indifference do not "involve" facility rules or regulations and that the requested production is therefore not relevant. Dkt. No. 54 at ¶ 31.

Upon due consideration of this request, the Court finds that it is overly broad and unduly burdensome. Plaintiff did not tailor his request to seek the production of facility rules or procedures specifically related to his claims regarding inmate supervision, but rather sought the production of all documents which might be contained in the Employee Rulebook, regardless of the subject addressed therein. This aspect of plaintiff's motion is **DENIED**.

*Request 5:* Plaintiff requested copies of photographs of the injuries he suffered in the October, 1999 incident. Defendants objected to this request, claiming that it was "intended to serve no purpose other than to be vexatious and burdensome." Dkt. No. 54, ex B. at 5. According to defendants, plaintiff received the photographs of his injuries in January, 2001, in connection with an action brought by plaintiff in the New York Court of Claims. Dkt. No. 54 at ¶¶ 33-35.

In his motion to compel, plaintiff states that he no longer has the photographs in

6

his possession. Dkt. No. 49.

The mere fact that plaintiff was previously granted access to the photographs does not satisfy the defendants' obligation to respond to proper discovery requests in this action.[3] The photographs are clearly relevant to plaintiff's claims and, given the realities of prison life, it is not surprising that photographs obtained by plaintiff over three years ago are no longer in his possession. Moreover, defendants have failed to demonstrate that providing plaintiff the opportunity to inspect and obtain copies (at plaintiff's expense) of the requested photographs will cause them to suffer undue burden or other prejudice.

This aspect of plaintiff's motion is **GRANTED**.

*Request 6:* Plaintiff sought disclosure to the Court "but not to the plaintiff" of the videotape of the October, 1999 incident. In response, defendants objected to the form of the request and advised that the tape does not exist. Dkt. No. 54, ex. B at 6. In opposition to the motion to compel, defendants have also provided a copy of a letter sent to plaintiff on November 20, 2002, advising plaintiff that "there is no videotape of the incident relative to your claim." Dkt. No. 54 at ¶¶ 41-42 and ex. F.

A party cannot be required to produce documents, tapes, photographs, or any other materials which do not exist. Moreover, the destruction of documents or other

---

[3] Defendants reliance on Rule 26(b)(2)(ii), which authorizes limitations on discovery where a party "has had ample opportunity **in the action** to obtain the information sought," is misplaced. Fed.R.Civ.P. 26 (b)(2)(ii) (emphasis added).

materials in accordance with standard procedures is not itself improper, and plaintiff does not claim that the videotape in question was wrongfully or improperly destroyed.

This aspect of plaintiff's motion is **DENIED**.

*Request 7:* Plaintiff requested the production of his medical and mental health records dating from 1999 forward. In connection with that request, plaintiff provided defendants' counsel with a signed medical authorization form.

Defendants objected to this discovery request as overly broad. Dkt. No. 54, ex. B at 6. Defendants also objected to what they characterized as plaintiff's effort to compel the production of the documents by providing an authorization form. *Id*.[4] Notwithstanding the foregoing, defendants stated that 201 pages of plaintiff's medical records were in their possession and would be produced to plaintiff upon payment of the copying costs. *Id*.[5]

Plaintiff's medical and mental health records are clearly relevant to the issues in this litigation. Defendants may **not** condition plaintiff's inspection of those records upon his prepayment of the cost of reproducing them.

---

[4] Defendants went on to complain that the authorization form provided by plaintiff was not "compliant with HIPAA medical authorization requirements nor effective as a medical records authorization in this matter...." *Id*.

[5] In opposition to plaintiff's motion to compel, defendants also argued that this request should be denied as duplicative, because medical records were made available to plaintiff in connection with his Court of Claims action. Dkt. No. 54 at ¶¶ 51-54. As discussed above, this does not relieve defendants of their obligation in this action to make the requested documents available to plaintiff for his inspection and copying (at plaintiff's expense).

8

Plaintiff's motion to compel the defendants to produce his medical and mental health records for the period October 30, 1999 to date for inspection and copying (at plaintiff's expense) is **GRANTED**.  Should defendants determine that a further authorization form is required to obtain plaintiff's mental health records,[6] defendants shall provide plaintiff with an appropriate release form **within twenty (20) days** of the filing date of this Order.

**WHEREFORE**, based upon the foregoing, it is hereby

**ORDERED**, that plaintiff's motion to compel (Dkt. No. 49) is **GRANTED IN PART AND DENIED IN PART** as set forth above.  Defendants shall make the required documents available to plaintiff for inspection and copying (at plaintiff's expense) **within thirty (30) days** of the filing date of this Order, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

Dated: November 21, 2005

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

---

[6] The fact that defendants have plaintiff's medical records in their possession appears to obviate the need for a release for those records.