UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DIALLO RAFIK MADISON,

                      Plaintiff,                        9:03-CV-0749
                                                                                (FJS)(GJD)

      v.

SGT. M. HOEY; SUPT. HANS WALKER; DSS E.
DANN; C.O. E. FRANK; CAPT. GUMMERSON,

                      Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| DIALLO RAFIK MADISON<br>Plaintiff, *pro se* | |
| OFFICE OF THE ATTORNEY GENERAL<br>State of New York<br>Counsel for the Defendants | PATRICK F. MacRAE, ESQ.<br>Assistant Attorney General |

GUSTAVE J. DI BIANCO, MAGISTRATE JUDGE

## DECISION and ORDER

By his complaint, plaintiff Diallo Rafik Madison seeks damages for injuries he suffered in an incident at Auburn Correctional Facility on October 30, 1999. Plaintiff claims that a gang-related assault occurred earlier in the day, and that defendants failed to take precautionary measures to avoid the subsequent incident in which plaintiff was injured. Plaintiff also claims that defendants failed to assign corrections officers to a guardpost from which they could have observed the assault on plaintiff.

By Decision and Order of this Court filed November 21, 2005, plaintiff's

motion to compel discovery was granted in part and denied in part. Dkt. No. 55 (the "November Order"). The November Order directed defendants to make certain documents available to plaintiff for inspection and copying (at plaintiff's expense).

Presently before the Court is a motion from plaintiff seeking sanctions against defendants based upon their alleged failure to comply with the November Order. Dkt. No. 56. Plaintiff seeks an order dismissing defendants' answer and awarding plaintiff monetary sanctions. *Id.* Plaintiff has also filed a motion seeking copies of the requested discovery materials at no cost to himself. Dkt. No. 60.

**A. Motion for Sanctions**

The November Order directed defendants to produce all photographs of plaintiff related to the claims in this action. Dkt. No. 55 at 6-7. Four photographs were produced. Dkt. No. 56 at 4. In response to plaintiff's request for additional photographs which did not show a bandage over the injured area, defendants' counsel advised plaintiff that no such photographs existed. Dkt. No. 58 exs. C, D.

Subsequent to the filing of plaintiff's motion for sanctions, defendants' counsel advised plaintiff that additional photographs had been located, and would be made available to plaintiff. Dkt. No. 58 at ¶¶ 14, 15 and ex. G.

Plaintiff claims that defendants acted in bad faith and wilfully attempted to withhold production of these photographs. However, based upon the Court's review

2

of the record, including the affidavit of defendants' counsel, the Court finds no evidence of bad faith by defendants. This aspect of plaintiff's motion is, therefore, **DENIED**.

Plaintiff also sought the production of documents relating to an incident which, according to plaintiff, occurred on October 30, 1999 at Auburn Correctional Facility prior to the incident in which he was injured. Defendants objected to the production of these documents on the ground that the earlier incident was not relevant to the issues in this action. The November Order overruled defendants' objections and directed defendants to produce the requested documents. Dkt. No. 55 at 3.

By letter dated December 23, 2005, defendants' counsel advised plaintiff that no records had been located relating to an earlier incident in the Auburn yard on October 30, 1999. Dkt. No. 58 at ex. C. Plaintiff thereafter provided counsel with the name of an inmate who was allegedly involved in the incident and requested that a further search for documents be undertaken. By letter dated January 5, 2006, defendants advised plaintiff that no records had been located. *Id.* at ex. G.

Plaintiff is firm in his belief that a prior incident occurred. In light of defendants' stated inability to locate the requested documents, plaintiff claims that the records must have been altered or destroyed. Dkt. No. 56 at 5.

In opposition to plaintiff's motion, defendants have provided the affidavit of

Laurence M. Cheney, Liaison Officer at Auburn Correctional Facility. Dkt. No. 58, Cheney Aff. Cheney describes the steps taken to locate the requested documents. Cheney states that any unusual incident involving an inmate would be recorded in the Watch Commander's Log at Auburn. Cheney further states that the Log for October 30, 1999 does not refer to any incident other than the one in which plaintiff was involved, which occurred at approximately 4:45 p.m. Cheney Aff. at ¶¶ 12-16.[1]

Based upon the Court's review of the record and upon consideration of the Cheney Affidavit, it appears that defendants conducted a reasonable search for the requested documents. There is no evidence which even suggests that relevant records were lost or destroyed. While the disclosure that no record exists of any prior incident in the Auburn yard on October 30, 1999 appears to be somewhat belated, it is not evidence of bad faith on defendants' part. Accordingly, this aspect of plaintiff's motion for sanctions is **DENIED**.

Plaintiff's motion also challenges the sufficiency of defendants' compliance with that portion of the November Order which directed defendants to produce documents relating to incidents of inmate against inmate assault which gave rise to claims that one or more of the defendants failed to properly supervise an inmate or observe an area, and which arose during the three year period prior to October, 1999.

---

[1] A copy of the Watch Commander's Log for October 30, 1999 is attached to the Cheney Affidavit as exhibit B.

4

Dkt. No. 55 at 4-5.

By letter dated December 23, 2005, plaintiff was advised by defendants' counsel that no records exist. Dkt. No. 58 ex. C. According to the Cheney Affidavit, documents responsive to plaintiff's discovery request would consist of complaints sent to facility administrators and/or grievances filed against corrections officers. Cheney Aff. ¶ 4. Cheney states that these documents are subject to the records retention policy set forth in DOCS Directive 2011, which mandates that records be maintained for three years and then destroyed, unless during that three year period the record becomes the subject of a lawsuit or constitutes an aspect of discovery in a pending lawsuit, in which case the record is maintained. *Id.* at ¶¶ 5- 7. According to Cheney, because plaintiff's complaint does not assert claims regarding incidents at Auburn which occurred before October 30, 1999, and because plaintiff's discovery request was not made until March, 2005, any prior complaints or grievances would have been destroyed in accordance with the DOCS records retention policy. *Id.* at ¶¶ 8, 9.

Based upon the foregoing, and in the absence of any evidence that responsive documents were willfully destroyed in contravention of DOCS Directive 2011 or of the November Order, the Court finds that plaintiff's claims lacks merit and therefore **DENIES** this aspect of plaintiff's motion for sanctions.

**B. Motion for Copies**

5

Plaintiff has filed a motion seeking free copies of the discovery materials made available to him by defendants. Dkt. No. 60. Under federal law, the party responsible for production generally bears the cost of making the documents available for inspection. *Zubulake v. UBS Warburg, LLC*, 216 F.R.D. 280, 283 (S.D.N.Y.2003) (citing Federal Rule of Civil Procedure 26(b)(1) and (2)). If the party seeking the discovery wants copies of the requested documents, it must pay the reasonable costs thereof. *Brassco, Inc. v. Klipo*, 2004 WL 1385816, at *5 (S.D.N.Y. June 21, 2004) (citations omitted).

The granting of *in forma pauperis* status does not shift the entire financial burden of litigation either to the Court or to the opposing parties. Instead, a party is required to pay the costs of discovery, including the costs of obtaining copies of requested documents, despite the fact that he has been found to be indigent. *See, e.g., Guinn v. Hoecker*, 43 F.3d 1483 (10th Cir.), *cert. denied*, 514 U.S. 1118 (1995). When his *in forma pauperis* application was granted, plaintiff was specifically advised by the Court of his obligation to "pay fees that he may incur in the future regarding this action, including but not limited to copying and/or witness fees." Dkt. No. 5 at 6 n. 1.

Based upon the foregoing, plaintiff's motion for free copies of discovery materials (Dkt. No. 60) is **DENIED**.

**WHEREFORE**, based upon the foregoing, it is hereby

**ORDERED**, that plaintiff's motion for sanctions (Dkt. No. 56) is **DENIED**, and it is further

**ORDERED**, that plaintiff's motion for free copies of discovery materials (Dkt. No. 60) is **DENIED**, and it is further

**ORDERED**, that the dispositive motion filing deadline is **October 31, 2006**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

Dated: August 4, 2006

_____
Hon. Gustave J. DiBianco
United States Magistrate Judge