UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DIALLO R. MADISON,

                                        Plaintiff,

            vs.
                                                            9:03-CV-749
M. HOEY, Sergeant, Auburn Correctional                      (FJS/GJD)
Facility, et al.,

                                        Defendants.

_____

DIALLO R. MADISON
Plaintiff pro se

ANDREW CUOMO                            MARIA MORAN
Attorney General of the                 Asst. Attorney General
State of New York
Attorney for Defendants

GUSTAVE J. DI BIANCO, Magistrate Judge

## ORDER

        Presently before the court is plaintiff's letter-motion, requesting that this court

order defendants to answer certain discovery requests. (Dkt. No. 73).  On November 2,

2007, I issued a decision stating that the court would consider whether to order

defendants to produce certain discovery requested by plaintiff. (Dkt. No. 74).  I also

ordered that defendants state their position regarding the production of the documents

listed on page two of plaintiff's October 25, 2007 letter motion. (Dkt. No. 74 at 3).

Defendants have responded to plaintiff's motion by letter dated November 30, 2007.

(Dkt. No. 75).

        In plaintiff's letter-motion, he requests that defendants produce "any and all of

the following documents prepared by any employee of the state of New York or any

governmental entity in connection with the incident." (Dkt. No. 73 at 2).  The documents requested include unusual incident reports; injury to inmate reports; reports of infractions; dispositions of any infractions, misbehavior reports with respect to any disciplinary hearing regarding the incident; and all logbook entries of unusual incident reports from October 23, 1999 through October 29, 1999. *Id.*

The law is clear that federal discovery is broad in scope. *Montalvo v. Hutchinson*, 837 F. Supp. 576, 578 (S.D.N.Y. 1993).  The Federal Rules of Civil Procedure provide that discovery may be had of any matter that is not privileged as long as it is *relevant* to the claims or defenses of any party. FED. R. CIV. P. 26(b)(1).  Information is relevant if it is reasonably calculated to lead to the discovery of admissible evidence. *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991).  The discovery system set forth by the Federal Rules of Civil Procedure is an *extremely permissive* one which has typically been afforded broad and liberal treatment by the courts. *Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del., Inc. v. Friedman*, 350 F.3d 65, 69 (2d Cir. 2003).  The Federal Rules of Civil Procedure also provide, however, that the court may control the timing and sequence of discovery. FED. R. CIV. P. 26(d). *See also Johnson v. New York Univ. School 0f Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002)(Ellis, M.J.).

In their response, defendants state that they agree to produce redacted copies of the Watch Commander's Log Book entries from October 23-29, 1999 for the plaintiff's inspection.  Defendants state that any unusual incidents, including inmate on inmate assaults are recorded in the Watch Commander's log on the day of the incident.  This court has reviewed the defendants' proposal and agrees that it is

appropriate and will provide plaintiff with the information that he requires.

In plaintiff's amended complaint, he alleges that he was assaulted by another inmate on October 30, 1999 while plaintiff was walking in the main recreation yard at Auburn Correctional Facility. Amended Complaint (AC) at ¶ 2.  Plaintiff claims that defendants Hoey, Murray, Edward, and Frank were aware of another gang-related assault that had occurred on the same day, but failed to take proper precautions to avoid the subsequent incident involving plaintiff. (AC at ¶¶ 1, 6).  Plaintiff also alleges that defendants Walker and Dann did not properly perform their supervisory duties by failing to assign sufficient officers to guard the area, notwithstanding the defendants' knowledge that there were a large number of violent gang members in Auburn's General Population. (AC at ¶ 5).

Since plaintiff alleges that defendants Hoey, Murray, Edward, and Frank were aware of another gang-related assault that occurred earlier on the same day, the information in the Watch Commander's log from October 30, 1999 could be relevant to plaintiff's claims.[1]  Additionally, if plaintiff is attempting to show knowledge of assaults by the corrections officer defendants or the supervisory defendants, the Watch Commander's logs for the week preceding the incident *may* be relevant because unusual incidents such as assaults are recorded in these logs.

Defendants appear to have read plaintiff's request as asking for misbehavior reports and dispositions of those reports for one week prior to the incident.  The court does not read plaintiff's request in that manner.  It appears only that plaintiff is asking

---

[1] This information was ordered to be provided to plaintiff in another decision. (Dkt. No. 55 at 3).

for any misbehavior reports, together with their dispositions "regarding the incident." The "incident" refers to the assault on plaintiff and nothing else. Plaintiff may be requesting the misbehavior report issued against the inmate who assaulted him.[2] Certainly a request for **all** misbehavior reports and dispositions thereof for a week prior to the assault on plaintiff would be over-broad and irrelevant to plaintiff's claims, and the court will not order production of any such documents.

Thus, this court finds that defendants' agreement to produce redacted copies of the Watch Commander's Log Book entries for October 23-29, 1999 is appropriate.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to compel (Dkt. No. 73) is **GRANTED TO THE EXTENT THAT, BY JANUARY 30, 2008, DEFENDANTS WILL PRODUCE REDACTED COPIES OF THE WATCH COMMANDER'S LOG BOOK ENTRIES FOR OCTOBER 23-29, 1999**, and it is further

**ORDERED**, that plaintiff's motion to compel (Dkt. No. 73) is **DENIED IN ALL OTHER RESPECTS**.

Dated: December 13, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

---

[2] In this court's prior order, plaintiff was granted production of "all documents related to the incident in which he was involved as well as with respect to any other unusual incidents that occurred in the yard at Auburn on the same day." (Dkt. No. 55 at 3). In the amended complaint, plaintiff claimed that there was **one** incident prior to the attack on plaintiff. (AC ¶¶ 1, 6). The court assumes that the previously ordered documents have already been produced for plaintiff.