UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DIALLO R. MADISON,

                                            **Plaintiff,**

                           v.                                    9:03-CV-749
                                                                            (FJS/GJD)

**M. HOEY, Sergeant, Auburn Correctional
Facility; HANS WALKER, Superintendent,
Auburn Correctional Facility; EDWARD
DANN, Deputy Superintendent of Security;
M. MURRAY, Corrections Officer, Auburn
Correctional Facility; E. FRANK, Corrections
Officer, Auburn Correctional Facility;
J. EDWARD, Corrections Officer, Auburn
Correctional Facility; and CAPTAIN
GUMMERSON,**

                                            **Defendants.**
_____

**APPEARANCES**                                   **OF COUNSEL**

**DIALLO R. MADISON**
**94-A-7376**
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                 **SENTA B. SIUDA, AAG**
**STATE ATTORNEY GENERAL**
615 Erie Boulevard West
Syracuse, New York 13204-2455
Attorneys for Defendants

**SCULLIN, Senior Judge**

                                                          **ORDER**

In a Report-Recommendation dated September 15, 2008, Magistrate Judge DiBianco recommended that this Court grant Defendants' motion for summary judgment. *See* Dkt. No. 102. Plaintiff filed objections to those recommendations. *See* Dkt. No. 104.[1]

Plaintiff objects to Magistrate Judge DiBianco's findings on the issue of exhaustion of administrative remedies. Although Magistrate Judge DiBianco found that Plaintiff's claims could be dismissed based on his failure to exhaust administrative remedies; due to a conflict in authority regarding this issue, he declined to base his recommendation on this ground. *See* Dkt. No. 102 at 13. The Court will assume, for the purposes of this motion, that Plaintiff exhausted his administrative remedies; and, therefore, it will not address Plaintiff's objections to this part of the Report-Recommendation.

Plaintiff appears to reiterate his original arguments in his objections to the parts of the Report-Recommendation that discuss his membership in an "identifiable group of prisoners" and

---

[1] Plaintiff also appears to object to Magistrate Judge DiBianco's discovery orders regarding reports for items listed in Defendants' log book and Magistrate Judge DiBianco's comment that "it is unclear why the log book would contain some entries specifically describing assaults but list others within the entry stating only that misbehavior reports were reviewed," *see* Dkt. No. 102 at 21. *See* Dkt. No. 104 at 6. This Court addressed these orders in an Order dated March 27, 2008, in which the Court (1) affirmed the January 31, 2008 Order to the extent that it denied Plaintiff's letter motion regarding Defendants' compliance with the Court's December 13, 2007 Order; (2) granted in part and denied in part Plaintiff's appeal of the January 31, 2008 Order - denying it with respect to compliance with the December 13, 2007 Order and granting certain discovery; and (3) denied Plaintiff's request to recuse Magistrate Judge DiBianco. *See* Dkt. No. 90.

The Court finds that, because it has already addressed these discovery orders, these Orders are not part of the Report-Recommendation and not properly before this Court for review. Furthermore, the Court finds that Magistrate Judge DiBianco did not rely on the unavailability of information in the log books and related records to reach his decision and, in fact, carried out his analysis "even assuming that the log book does not always specifically describe an incident . . . ." *See* Dkt. No. 102 at 21.

the effect of Post Traumatic Stress Disorder on his failure, following the incident, to discuss gangs and to refuse Defendants' offer to investigate the matter. The Court's review of Magistrate Judge DiBianco's Report-Recommendation, in light of Plaintiff's objections, demonstrates that Magistrate Judge DiBianco correctly applied the appropriate law and that Plaintiff's objections are without merit.

Finally, Plaintiff objects on the ground that Magistrate Judge DiBianco failed to address the affidavits of Thomas Mann[2] and Kirk Stevenson.[3] A review of these affidavits indicates that they describe the incident where Plaintiff was injured as well as the fact that certain guard posts were usually unmanned. However, these affidavits raise no issues of material fact regarding Plaintiff's failure-to-protect claim because they do not affect Magistrate Judge DiBianco's finding that Plaintiff has failed to produce any evidence that Defendants were deliberately indifferent to a risk to Plaintiff's safety. Accordingly, the Court finds that this objection is without merit.

Accordingly, after carefully considering Magistrate Judge DiBianco's Report-Recommendation, Plaintiff's objections thereto, as well as the applicable law, and for the reasons stated herein and in Magistrate Judge DiBianco's Report-Recommendation, the Court hereby

---

[2] Mr. Mann is an eyewitness to the attack and describes the staffing of certain guard posts in the prison. *See* Dkt. No. 101, E52, Affidavit of Thomas Mann dated February 6, 2003. It is not clear from the record whether Mr. Mann is an inmate.

[3] In his affidavit, Mr. Stevenson, who is an inmate at Auburn Correctional Facility, describes a blind spot in the main yard and the staffing of certain guard posts in the prison. *See* Dkt. No. 101, E53, Affidavit of Kirk L. Stevenson dated October 10, 2001.

**ORDERS** that Magistrate Judge DiBianco's September 15, 2008 Report-Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment for Defendants and close this case.

**IT IS SO ORDERED.**

Dated: March 26, 2009
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge